DUNCAN, Circuit Judge,
concurring.
I write separately to explain the basis of my agreement with the majority.
I believe that the term “rate” in the Addendum is a term of art used within the telecommunications industry to denote charges imposed by a particular carrier. As such, a “rate” would not include taxes, fees, or the BellSouth transit charges at issue. Interpreting “rate” as specific to a carrier would also harmonize the agreement before us. So interpreted, the term as used in the Addendum could be read consistently with the provisions allowing for the pass through of third party fees such as taxes and other carrier’s charges instead of overruling them.
Although my interpretation is a plausible, and, I think, more compelling one, unfortunately for XO it is not the only one that can be drawn from this agreement. The agreement appears to use the terms “rates” and “fees” interchangeably; in fact, the multiple references to components *896 of a customer’s costs make it difficult to tell what one’s rate comprises.
As the drafter of the agreement, XO was in a position to define the term “rate,” or otherwise make its meaning clear. Its failure to do so creates an ambiguity that renders resort to parol evidence appropriate.